IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH S. GARWOOD,

    Plaintiff,

vs.

CASE NO. 4:08cv234-RH/WCS

HON. E. VERNON DOUGLAS, CHIEF JUDGE,
HON. CHARLES WELLS, JUSTICE
HON. HARRY LEE ANSTEAD, JUSTICE
HON. BARBARA J. PARIENTE, JUSTICE,
HON. PEGGY A. QUINCE, JUSTICE,
HON. RAOUL G. CANTERO, JUSTICE,
HON. KENNETH B. BELL, JUSTICE,
FRANCISCO R. ANGONES, PRESIDENT OF THE FLORIDA BAR
ARNE CARL VANSTRUM, FLORIDA BAR COUNSEL

    Defendants.
_____/

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRO SE (NON-PRISONER) LITIGANTS IN ACTIONS UNDER 28 U.S.C. SECTION 1331 or SECTION 1346, OR 42 U.S.C. SECTION 1983

COMES NOW Plaintiff, Joseph Sailor Garwood, and files this Civil Rights Complaint for damages for violation of Plaintiff's Federal Civil Rights, in violation of 42 U.S.C. Section 1983, and in support thereof states as follows:

**I.    PLAINTIFF**

Name of Plaintiff:     Joseph S. Garwood, Esq.
Mailing Address:     3232 Albert Drive,
                             Tallahassee, Florida 32309

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

2008 MAY 19  PM 2: 17

FILED

## II. DEFENDANTS:

Defendant's Name: Hon. E. Vernon Douglas, Chief Justice
Official Position: Chief Justice of the Florida Supreme Court
Employed at: Florida Supreme Court
Mailing address: 500 South Duval Street
Tallahassee, Florida 32399-1827

Defendant's Name: Hon. Charles Wells, Justice
Official Position: Justice of the Supreme Court of Florida
Employed at: Supreme Court of Florida
Mailing Address: 500 South Duval Street
Tallahassee, Florida 32399-1827

Defendant's Name: Hon. Harry Lee Anstead, Justice
Official Position: Justice of the Supreme Court of Florida
Employed at: Supreme Court of Florida
Mailing Address: 500 South Duval Street
Tallahassee, Florida 32399-1827

Defendant's Name: Hon. Barbara J. Pariente, Justice
Official Position: Justice of the Supreme Court of Florida
Employed at: Supreme Court of Florida
Mailing Address: 500 South Duval Street
Tallahassee, Florida 32399-1827

Defendant's Name: Hon. Peggy A. Quince, Justice
Official Position: Justice of the Supreme Court of Florida
Employed at: Supreme Court of Florida
Mailing Address: 500 South Duval Street
Tallahassee, Florida 32399-1827

Defendant's Name: Hon. Raoul G. Cantero, Justice
Official Position: Justice of the Supreme Court of Florida
Employed at: Supreme Court of Florida
Mailing Address: 500 South Duval Street
Tallahassee, Florida 32399-1827

Defendant's Name: Hon. Kenneth B. Bell, Justice
Official Position: Justice of the Supreme Court of Florida
Employed at: Supreme Court of Florida
Mailing Address: 500 South Duval Street
Tallahassee, Florida 32399-1827

| | |
|---|---|
| Defendant's Name: | Hon. Francisco R. Angones, President of the Florida Bar |
| Official Position: | President of the Florida Bar |
| Employed at: | The Florida Bar |
| Mailing Address: | 651 East Jefferson Street |
| | Tallahassee, Florida 32399-2300 |
| | |
| Defendant's Name: | Arne Carl Anstrom, Florida Bar Counsel |
| Official Position: | Counsel to the Florida Bar |
| Employed at: | The Florida Bar |
| Mailing Address: | 651 East Jefferson Street |
| | Tallahassee, Florida 32399-2300 |

### III. STATEMENT OF THE FACTS:

**COUNT 1-BY RULING THAT STATE ATTORNEYS (AND OTHER CONSTITUTIONAL OFFICERS) ARE NOT SUBJECT TO INVESTIGATION OR PROSECUTION BY THE FLORIDA BAR FOR LEGITIMATE COMPLAINTS FILED AGAINST THEIR LICENSES TO PRACTICE LAW IN THE STATE OF FLORIDA, WHILE THEY HOLD SUCH CONSTITUTIONAL OFFICE, THE SUPREME COURT VIOLATED GARWOOD'S RIGHT TO EQUAL PROTECTION OF THE LAWS**

Under color of state law, the Supreme Court of Florida, through the Justices named in this complaint or who have previously sat on the bench, issued an opinion that Florida's Constitutional Officers, including State Attorneys, are immune from disciplinary actions by the Florida Bar because their license is a condition of their employment while serving as Constitutional Officers for the State of Florida. Joseph Garwood filed a complaint against the license of State Attorney William Meggs, and as a result of this ruling, the Florida Bar refused to investigate or prosecute the complaint. In so ruling, the Florida Supreme Court violated Garwood's constitutional right to equal protection of the laws under the Constitution of the United States of America.

## COUNT 2- FAILURE OF THE FLORIDA BAR TO INVESTIGATE OR PROSECUTE COMPLAINTS ABOUT THE UNETHICAL CONDUCT OF FLORIDA STATE ATTORNEY WILLIAM MEGGS

Under color of state law, the Florida Bar, through the state officers named above, has refused to investigate or prosecute a complaint filed by Joseph Garwood against the license of State Attorney William Meggs. The reason given by the Florida Bar for the refusal to investigate the complaint filed by Joseph Garwood against the license of William Meggs was that Meggs is a "constitutional officer," and the Supreme Court of Florida has ruled that constitutional officers are not subject to investigation or prosecution while they hold their office, as their license is a condition of holding their office. The Florida Bar even went so far at to give Joseph Garwood the old "bureaucratic runaround" and referred Joseph Garwood to the Florida Ethics Commission, which has no authority in attorney disciplinary matters. By dismissing the complaint and referring Joseph Garwood to the Ethics Commission, the Florida Bar violated Joseph Garwood's constitutional rights to due process and equal protection of the laws under the Constitution of the United States of America.

## COUNT 3- FAILURE OF THE FLORIDA BAR TO INVESTIGATE OR PROSECUTE COMPLAINTS ABOUT THE UNETHICAL CONDUCT OF FLORIDA ASSISTANT STATE ATTORNEY LORENA VOLRATH-BUENO

Under color of state law, the Florida Bar, through the state officers named above, has refused to investigate or prosecute a complaint filed by Joseph Garwood against the license of Lorena Vollrath-Bueno, Assistant State Attorney. The reason given by the Florida Bar for the refusal to investigate the complaint filed by Joseph Garwood against the license of Lorena Vollrath-Bueno was that a conviction was obtained against Joseph Garwood, and therefore, the prosecution could not have been malicious or otherwise

unethical. Thus, the complaint against Lorena Vollrath-Bueno's license was dismissed without any investigation or prosecution by the Florida Bar whatsoever. Such a "the ends justify the means" reasoning for the refusal of the Florida Bar to investigate what was a truly malicious and unethical prosecution, undermines all Floridians confidence in the criminal justice system. The Florida Bar has, in effect, ruled that as long as a conviction is obtained, no matter how unethical the prosecution, the complaint against the assistant state attorneys license will be dismissed.

### COUNT 4- FAILURE OF THE FLORIDA BAR TO INVESTIGATE OR PROSECUTE A COMPLAINT ABOUT THE UNETHICAL CONDUCT OF FLORIDA ASSISTANT STATE ATTORNEY OWEN KOHLER

Under color of state law, the Florida Bar refused to investigate or prosecute a complaint filed against the license of Owen Kohler, Assistant State Attorney. The reason given by the Florida Bar for the refusal to investigate the complaint filed by Joseph Garwood against the licenses of Owen Kohler, for violations of U.S. v. Brady, was that the defendant, Joseph Garwood, knew about the conversation between the alleged victim and Owen Kohler, and therefore there was no Brady violation. In so ruling, the Florida Bar has allowed Kohler to refuse to turn over an exculpatory telephone conversation between Kohler and Smith even to this day. Such actions are in direct contravention of a prosecutor's obligation to turn over all exculpatory evidence to the defendant established in *United States v. Brady*.

Further, the Florida Bar, through the officers named above, refused to investigate the complaint that the prosecution in this case was malicious and unethical. Karissa Smith fully recanted the allegations against Garwood in a telephone call to Kohler (a transcript of which has never been turned over to the Defendant, in violation of *United States v.*

*Brady*), in a letter to Alexander Dombrowsky (former counsel to Defendant, which was copied to Owen Kohler, ASA), and in a sworn pre-trial deposition. To proceed under such circumstances violates the ethical rule that their should be probable cause to believe that a crime had been committed, and short of being omniscient gods, the Assistant State Attorneys Kohler and Bueno had no reason whatsoever not to believe the full and complete recantation of Karissa Smith.

## IV. STATEMENT OF CLAIMS:

In Count 1, by ruling that Florida State Attorneys, including State Attorney William Meggs, are not subject to investigation or prosecution by the Florida Bar for a complaint filed against his, or any other constitutional officers license to practice law, the Justices of the Florida Supreme Court violated Garwood's constitutional right, under the Constitution of the United States of America, to equal protection of the laws, and in so doing have violated Garwood's civil rights under section 1983, United States Code.

In Count 2, by dismissing a complaint filed against the license of William Meggs, State Attorney, the Florida Bar violated Garwood's right to due process and equal protection of the laws in violation of Garwood's civil rights under section 1983, United States Code.

In Count 3, by dismissing a complaint filed against the license of Lorena Vollrath-Bueno, Assistant State Attorney, the Florida Bar violated Garwood's rights to due process and equal protection of the laws, in violation of Garwood's civil rights under section 1983, United States Code.

In Count 4, by dismissing a compliant against the license of Owen Kohler, Assistant State Attorney, the Florida Bar violated Garwood's rights to due process and equal protection of the laws, in violation of Garwood's civil rights under section 1983, United States Code.

## 2. RELIEF REQUESTED:

1. Order the State of Florida to grant Garwood a new trial which does not violated his United States Constitutional rights to Due Process of Law and Equal Protection of the laws of Florida and the United States of America, which rights include the right to have charges dismissed when the victim recants and admits, under oath, that she filed a completely false and malicious criminal complaint;

2. Compensate Garwood for the illegal, unnecessary and expensive prosecution of Garwood for crimes which the alleged victim admitted were false, in the amount of $10,000.00;

3. Compensate Garwood for a violating his civil and constitutional rights by obtaining a conviction by failure to turn over exculpatory evidence, failure to investigate State Attorney and Assistant State Attorney misconduct, and by exempting State Attorneys in the State of Florida from ethical investigation while in office, resulting in a wrongful conviction and suspension of Garwood's license to practice law, which caused damages in the amount of $1,000,000.00 (One Million Dollars).

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

_May 15, 2008_  
May 15, 2008

_[signature]_  
Joseph S. Garwood, Pro Se

### CERTIFICATE OF SERVICE

This Civil Complaint form is accompanied by a Motion to Proceed In Forma Pauperis and Motion for Appointement of an Attorney and has not been served on the parties, except by Regular U.S. Mail to the Florida Bar and the Florida Supreme Court, this ___15___ day of May, 2008.

_[signature]_  
Joseph S. Garwood, pro se