IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH GARWOOD,

    Plaintiff,

vs.                                      Case No. 4:08cv234-RH/WCS

THE HONORABLE E. VERNON DOUGLAS,
et al.,

    Defendants.

                                          /

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this civil rights action on May 19, 2008. In a separate order entered this day, Plaintiff's *in forma pauperis* motion, doc. 2, was granted.

Plaintiff has filed this complaint against nine Defendants. Doc.1 . The first Defendant listed is the Honorable E. Vernon Douglas, whom Plaintiff has listed as the Chief Justice of the Florida Supreme Court. *Id.* That is incorrect as Judge Douglas is with the Columbia County Circuit Court. Otherwise, Plaintiff has named the other six members of the Supreme Court as Defendants, along with the President of the Florida Bar, Francisco R. Angones, and Arne Carl Anstrom, listed by Plaintiff as Florida Bar Counsel. *Id.*

Plaintiff is attempting to challenge an opinion from the Supreme Court that concluded that "Florida's Constitutional Officers, including State Attorneys, are immune from disciplinary actions by the Florida Bar because their license is a condition of their employment while serving as Constitutional Officers for the State of Florida." Doc. 1. Plaintiff contends that he filed a complaint against State Attorney William Meggs but because of the ruling by Florida's high court, the Florida Bar refused to investigate his complaint. *Id.* Plaintiff contends that the Florida Supreme Court violated his equal protection rights. *Id.* Furthermore, Plaintiff alleges that the Florida Bar has violated his due process and equal protection rights by dismissing his complaint against State Attorney Meggs. *Id.*

Additionally, Plaintiff has complained in count 3 that he also filed a complaint against Assistant State Attorney Lorena Vollrath-Bueno. Doc. 1. Plaintiff contends that the Florida Bar dismissed his complaint noting that "a conviction was obtained against [Plaintiff] Joseph Garwood, and therefore, the prosecution could not have been malicious or otherwise unethical." *Id.* Plaintiff contends that this "ends justify the means" refusal to "investigate what was a truly malicious and unethical prosecution undermines all Floridians confidence in the criminal justice system." *Id.* Plaintiff makes a similar argument in count 4 as to a complaint he filed against another Assistant State Attorney Owen Kohler. *Id.* There, Plaintiff alleges that the Florida Bar refused to investigate his complaint and made the determination that there was no *Brady* violation. *Id.* Plaintiff complains that these decisions violated his due process and equal protection rights. *Id.*

Plaintiff's requests for relief include compensation for his state criminal prosecution, compensation for "obtaining a conviction by failure to turn over exculpatory evidence" and compensate him for the fact that no investigation would take place concerning his allegations against the state attorneys who Plaintiff contends obtained "a wrongful conviction."  *Id.*  Plaintiff wants compensation for the loss of his license to practice law.  *Id.*  Moreover, as in one of his other recently filed cases in this court, Plaintiff wants this court to order the State of Florida to grant Plaintiff a new trial.  *Id.*

It is clear from Plaintiff's requests for relief that this civil rights case is in reality a disguised habeas petition to overturn his conviction.  Plaintiff may not seek relief in a civil rights action that essentially invalidates an outstanding criminal conviction.  A civil rights action is not the proper way to seek a new trial.  Moreover, well established law clearly provides that one may not seek monetary damages which would collaterally undermine a criminal conviction or sentence.  Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973)(prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated).  In Heck, the Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003), *quoting* Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372.  "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487, 114 S.Ct. at 2372.  Plaintiff may not collaterally attack alleged deficiencies in his criminal trial in this civil rights action.  Such a claim must first be brought through the filing of a habeas petition under 28 U.S.C. § 2254.  If Plaintiff cannot show that he has already received a "favorable termination," then he cannot proceed in this § 1983 action.  *See* Harden, 320 F.3d at 1294.  It is apparent that Plaintiff has not had a favorable termination, and this case should be dismissed as frivolous.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted and because it is frivolous under Heck v. Humphrey, *supra*.

**IN CHAMBERS** at Tallahassee, Florida, on May 28, 2008.


 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**